UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES UNDERWOOD,<br><br>        Plaintiff,<br><br>    v.<br><br>STEVE SISOLAK, et al.,<br><br>        Defendants. | Case No. 2:23-cv-01129-RFB-NJK<br><br>**ORDER** |

Before the Court is Plaintiff's Motion for Preliminary Injunction (ECF No. 4) and Interested Party Nevada Department of Corrections' ("NDOC") Motion for Leave to File Document under Seal (ECF No. 10). For the following reasons, the Court denies Plaintiff's Motion for Preliminary Injunction and grants NDOC's motion.

### I.    PROCEDURAL BACKGROUND

Plaintiff commenced this action by filing a complaint and motion for leave to proceed in forma pauperis on July 18, 2023. ECF Nos. 1, 1-1. Plaintiff's complaint alleged that his rights under the Eighth and Fourteenth Amendments were violated while he was incarcerated at High Desert State Prison ("HDSP") when medical staff delayed scheduling him for appointments with prison doctors and outside specialists for his urethral and vascular conditions and denied his grievances about the delays. ECF No. 1-1. On July 25, 2023, Plaintiff filed the instant Motion for Preliminary Injunction arguing that he should be scheduled appointments with vascular and urology specialists. ECF No. 4.

The Court screened Plaintiff's complaint and issued its screening order on August 28, 2023. ECF No. 5. The Court found that Plaintiff stated colorable Eighth Amendment indifference to serious medical needs and Eighth Amendment supervisory liability claims for indifference to serious medical needs. Id. The Court permitted these claims to proceed against eight individual defendants. The Court dismissed Plaintiff's First and Fourteenth Amendment claims regarding interference with grievance procedure with prejudice. Id. The Court also dismissed five individual defendants without prejudice and dismissed all personal-capacity claims against Defendant Dzurenda. Id.

On the same day that the Court issued its screening order, the Court also ordered the Office of the Attorney General for the State of Nevada to file a Notice of Special Appearance for the purpose of filing a response to Plaintiff's Motion for Preliminary Injunction and directed the Office of the Attorney General to file their response by September 8, 2023. ECF No. 7. Interested Party NDOC responded to the Motion for Preliminary Injunction on September 8, 2023. ECF No. 9. NDOC simultaneously filed Plaintiff's medical records under seal.  ECF Nos. 10, 11. On September 20, 2023, Magistrate Judge Nancy J. Koppe issued an order setting an Inmate Early Mediation Conference, which is currently scheduled for December 1, 2023. This Order follows.

**II.      FACTUAL ALLEGATIONS**

The Court incorporates the factual allegations as set forth in in its August 28, 2023 Screening Order, ECF No. 5 at 3-6, and emphasizes the following:

Underwood's penis is bent at a right angle from an undiagnosed blockage. Although Underwood has sent numerous kites about his "broken penis" since October 2021 and filed all levels of grievances about his medical needs not being addressed, no medical professional had examined Underwood's penis at the time of the filing of the complaint, let alone diagnosed his condition or developed a treatment plan. Underwood's vascular condition also remains undiagnosed.

///

///

### III. LEGAL STANDARD

#### a. Preliminary Injunction

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, a plaintiff must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014), as amended (Mar. 11, 2014) (citing Winter, 555 U.S. 7, 20 (2008)). A preliminary injunction may also issue under the "serious questions" test. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 (9th Cir. 2011) (affirming the continued viability of this doctrine post-Winter). According to this test, a plaintiff can obtain a preliminary injunction by demonstrating "that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," in addition to the other Winter elements. Id. at 1134-35 (citation omitted).

The Prison Litigation Reform Act ("PLRA") further provides that in any civil action with respect to prison conditions, any preliminary injunctive relief must be "narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626 (a)(2).

#### b. Motion to Seal

Courts have long recognized "a general right to inspect and copy public records and documents, including judicial records and documents." Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978) (quotation marks omitted)). However, this right is not absolute. Id. There is a "strong presumption in favor of access" to dispositive motions or their attachments, and a party seeking to seal such document bears the burden of overcoming this presumption by providing a compelling and fact-based reason for the document to be sealed. Id. (citations and quotation marks omitted). The presumption of public access applies to documents attached to motions for preliminary

injunction when the preliminary injunction motion "is more than tangentially related to the merits of the case." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016).

## IV.   DISCUSSION

### a. Motion for Preliminary Injunction

Plaintiff's Motion for Preliminary Injunction seeks an order from this Court directing Defendants to provide adequate medical care to Plaintiff, including vascular and urology specialist appointments. In support of this remedy, Plaintiff argues that all four Winter factors are met. Plaintiff states that he satisfies the multiprong deliberate indifference analysis: a serious medical need ("migrating embolism and blocked urethra/broken penis"), a purposeful omission ("failure to treat"), and harm caused by the indifference. Plaintiff asserts that he will suffer irreparable harm as he is in excruciating pain and suffers from emotional harm due to fears of being unable to have children and concern that his penis will have to be amputated. Moreover, the violation of his constitutional right under the Eighth Amendment is itself sufficient to establish irreparable harm. Plaintiff argues that the balance of hardships tips in his favor because he is in extreme pain and it is in the public interest to prevent constitutional rights violations.

In their response, Interested Party NDOC provides evidence that Dr. Mirit Avram completed a comprehensive medical examination of Plaintiff Underwood on September 5, 2023. Dr. Avram completed a Consultation Request/Report for Plaintiff, which requested an outside-provider cardiology referral. Dr. Avram expedited this request, which was approved by Medical Director Dr. Kenneth Williams. Dr. Avram conducted an examination of Plaintiff's penis and ordered urinalysis testing and cultures to test a variety of conditions including Plaintiff's prostate-specific antigen levels. These collections have been taken. Further, Dr. Avram completed a Consultation Request/Report for Plaintiff, which requested an outside-provider urology referral. This request was also expedited and approved by Dr. Williams.

Based on representations made by NDOC as well as the Court's review of the related filings and the record in this case, it appears that, at this juncture, any relief requested in the Motion for Preliminary Injunction, which the Court has authority to grant, has been, or is being, provided to Plaintiff, following his assessment by Dr. Avram and referrals to the cardiology and urology

specialists. The Court notes the denial of Plaintiff's Motion for Preliminary Injunction is without prejudice, and if circumstances develop to where Plaintiff again believes irreparable harm may result without preliminary injunctive relief, Plaintiff may seek such relief by new motion to this Court.

    b. **Motion to Seal**

The Court finds that the preliminary injunction is "more than tangentially related to the merits of the case," meaning that NDOC must satisfy the compelling reasons standard. <u>Ctr. for Auto Safety</u>, 809 F.3d at 1101. The Court finds that compelling reasons exist to seal NDOC's Exhibit A and B, which contain information about Plaintiff's medical condition and contain Plaintiff's medical records. See, e.g., <u>Hill v. Baker</u>, No. 3:11-CV-00717, 2014 U.S. Dist. LEXIS 3794, 2014 WL 177413, at *4 (D. Nev. Jan. 13, 2014) (finding that medical privacy has qualified as a compelling reason for sealing records).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Preliminary Injunction (ECF No. 4) is DENIED without prejudice.

**IT IS FURTHER ORDERED** that Interested Party Nevada Department of Corrections' Motion for Leave to File Document Under Seal (ECF No. 10) is GRANTED.

**DATED:** <u>November 21, 2023</u>

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**